# United States Court of Appeals for the Fifth Circuit

No. 25-60577

Adam Shane Swindle,

*Petitioner—Appellant*,

*versus*

Barry Wingfield, *Warden, Federal Correctional Complex, Yazoo City Low*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CV-831

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Adam Shane Swindle, federal prisoner # 32320-001, seeks to proceed in forma pauperis (IFP) on appeal from the dismissal of his 28 U.S.C. § 2241 petition challenging his convictions for receipt and possession of child pornography and claiming that his Eighth Amendment right to be free from cruel and unusual punishment was violated while he was in prison. He

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60577

contends that he is actually innocent and that his claims challenging his convictions meet the requirements of the 28 U.S.C. § 2255(e) saving clause. As Swindle does not challenge the district court's determination that his Eighth Amendment claim was properly raised in a 42 U.S.C. § 1983 complaint, he has abandoned it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Generally, a § 2241 petition challenging trial and sentencing errors must be construed as a § 2255 motion or be dismissed. *Pack v. Yusuff*, 215 F.3d 448 (5th Cir. 2000). However, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained pursuant to the saving clause of § 2255(e) if the petitioner establishes that the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Jones v. Hendrix*, 599 U.S. 465, 471 (2023).

Although Swindle challenges the district court's reliance on *Jones* because it did not involve a claim of actual innocence, the Supreme Court in *Jones* considered the issue analogously and rejected an argument that the savings clause was subject to an equitable exception for actual innocence because Congress had not made a clear statement otherwise. *See Jones*, 599 U.S. at 490-92. Swindle has not raised a nonfrivolous issue showing that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.* at 478.

Accordingly, Swindle has not demonstrated that there is a nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.